UNITED STATES *v.* IGNACIO E. LOZANO ET AL.

**No. 6316.**—Invoices dated Salamanca, Mexico, March 25, 1942, etc.
Certified March 30, 1942, etc.
Entered at San Antonio, Tex., May 7, 1942, etc.
Entries 50–S, 8–S and 38–S.

(Decided July 31, 1946)

*Paul P. Rao*, Assistant Attorney General (*Joseph E. Weil*, special attorney), for the plaintiff.

No appearance for the defendants.

CLINE, Judge: These cases, consolidated for trial, are collector's appeals for reappraisement of canned fruits and vegetables and fruit pastes imported from Mexico. The defendants did not appear at the trial and counsel for the Government stated that the importer had "more or less expressed the opinion to the broker that he didn't care to oppose these cases."

The items in Reappraisement No. 151154–A were entered less a discount of 12 per centum. At the trial, plaintiff introduced into evidence, as plaintiff's collective exhibit 1, a letter dated February 6, 1943, together with a translation thereof, from Salvador Quintanal y Cia., the shipper. It contains the following statement:

Discounts: in general, our sales are at net prices, without discounts of any kind, and only in the case of the sales that we make to Mr. Ignacio E. Lozano, 118 N. Sta. Rosa Ave. in San Antonio, Tex. we do make discounts, owing to the fact that he is our Exclusive Agent in said City, and the discount that we grant him is to compensate him for the advertising expenses he has to incurr on our articles. If this is incorrect according to American Legislation, we ignored it, and we would like to receive from you definite advise.

Plaintiff called Zenas S. Brown, appraiser at the port of San Antonio, who testified that he did not appraise the merchandise involved herein, but that he had appraised similar merchandise from the same shipper to the same importer at San Antonio and had examined similar merchandise at Laredo. He stated that he had received price lists dated April 1942, August 1942, and November 1942 from Salvador Quintanal & Co., accompanied by the letter marked plaintiff's collective exhibit 1. These lists were then received into evidence and marked plaintiff's collective exhibit 3.

There was also offered in evidence a statement listing the items of merchandise involved herein together with the entered values and the values the Government claims to be correct. Walter R. Wells testified that the figures on the price lists and those on the statement representing the Government's contention had been compared and that the latter were in accord with the prices found on the lists of the company.

Mr. Wells translated the notations found at the end of the price lists as follows:

"The prices noted in this list as exist are for cash payment strictly," that is, strict cash payment. "The merchandise is f. o. b. Salamanca, Guanajuato." That Guanajuato is abbreviated "G-t-o." "The merchandise goes at the account and risk of the buyer. These prices are subject to variation without previous notice. The remittance by express C. O. D. will only be made if a 25 per cent consideration of the value of the imported merchandise is guaranteed for freight. All orders turned over to the carrier are subject to the approval of the house," which means company.

It is apparent that the discount of 12 per centum in Reappraisement No. 151154–A was not usually allowed and was granted to cover certain advertising expenses. Section 402 of the Tariff Act of 1930 contemplates but one foreign or export value for merchandise—the price at which it is freely offered for sale to *all* purchasers. *Stone & Downer Co.* v. *United States*, 21 C. C. P. A. 479, T. D. 46958; *United States* v. *Mexican Products Co.*, 28 C. C. P. A. 80, C. A. D. 129. As the merchandise covered by the instant appeals was not sold to all purchasers at the list price less 12 per centum discount, and since the only evidence of value produced herein is the shipper's price lists, it must be held that the proper dutiable values are the ones shown on said lists. Since there are a few discrepancies between the values set out in the Government's statement, plaintiff's exhibit 2, and those in

the price lists themselves, the latter form the basis for the findings herein:

1. That the proper basis of appraisement for said merchandise is the foreign value, as such value is defined in section 402 (c) of the Tariff Act of 1930.

2. That the proper dutiable values for said merchandise are those set forth in schedule A, hereto attached and made a part hereof, net packed, plus stamps.

Judgment will be rendered accordingly.