**No. 51954.**—A. Judson Murray & Co. *v.* United States, protest 128002–K (New York).

Opinion by JOHNSON, J. From an examination of the papers the court was unable to find any evidence sufficient to overcome the action of the collector, which was presumptively correct. The protest was therefore overruled.

BEFORE THE THIRD DIVISION, OCTOBER 15, 1947

**No. 51955.**—Melba B. Rodriguez *v.* United States, petition 6468–R (Laredo).

Opinion by CLINE, J. At the trial the customs broker testified that prior to making entry she had asked the importer whether he knew of any prices different from those in the invoice; that he said he did not and that he had inquired at several places in Reynosa and the price was the same; that she filed a request for information with the acting appraiser and made entry in accordance with the values given her; and that at the time of entry she had no knowledge of any values other than those given her by the importer and the customs officials. On the record presented the court found that the petitioner acted without intent to misrepresent the facts or to defraud the revenue of the United States or to deceive the appraiser as to the value of the goods. The petition was therefore granted.

**No. 51956.**—Libreria Lozano et al. *v.* United States, petitions 6587–R, etc. (Laredo).

Opinion by CLINE, J. The merchandise was entered and appraised at values which included a 12 percent discount. An appeal for reappraisement was taken and it was held that the discount was not freely offered to all purchasers and that the dutiable values were those stated in the shipper's price lists, without any discount. (*United States* v. *Ignacio E. Lozano*, 17 Cust. Ct. 279, Reap. Dec. 6316.) At the trial the accountant-auditor of Libreria Lozano testified that at the time of purchase the firm had just started to import this type of merchandise; that a 12 percent discount was given Mr. Lozano to compensate him for his effort in introducing the product and advertising it through the newspapers; that he thought the shipper had some agents in other territories and that anyone under the same circumstances as his firm would receive the same discount; and that he gave all the information he had to the customs officials through the broker before entry. The customs broker testified that he went into the question of the 12 percent discount very thoroughly, as to why it was given and as to whether it was a freely offered discount; that he had the impression that the shipper was giving this discount to others in other territories; and that subsequent entries were amended because he found out through the appraiser that the discount was not freely offered. On the record presented the court found that the petitioners acted without intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The petitions were therefore granted.